UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nicole Johns, *individually and as Trustee for the Next-of-Kin of Joseph Fairbanks, Jr., Deceased*,<br><br>        Plaintiff,<br><br>v.<br><br>United States of America; Brent Pemberton, Jr.; Delwyn English; Joshua Gutierrez; Bryant Siekas; Anthony Beaulieu; Tyler Neadeau; Sierrajen Essert; Jon Schoenborn; Jimmy Fineday; William Strong; Bradley Barrett; Charles Martin; Justice Desjarlait; Danelle Nelson; Dorian Prentice; and John Does *1–5*;<br><br>        Defendants. | File No. 24-CV-01892 (JMB/LIB)<br><br>**ORDER** |

Oliver E. Nelson, III, Magna Law Firm, Minneapolis, MN, for Plaintiff Nicole Johns.

Trevor Brown, United States Attorneys' Office, Minneapolis, MN, for Defendant United States of America.

This matter is before the Court on Defendant United States of America's motion to dismiss Plaintiff Nicole Johns's tort claims against it for lack of subject-matter jurisdiction. (Doc. No. 21.) For the reasons explained below, the Court grants the motion.

**BACKGROUND**

**A.  Death of Joseph Fairbanks, Jr.**

Johns's son, Joseph Fairbanks, Jr., was taken into custody and incarcerated at the Red Lake Detention Center (RLDC). (Doc. No. 1 [hereinafter, "Compl."] ¶¶ 1, 20.) Upon

1

his arrival at the RLDC on May 27, 2022, he informed staff that he suffered from a rare hereditary condition, angioedema. (*Id.* ¶ 20.) Angioedema "can cause severe swelling [and] pain," and, if left untreated, can cause "fatal complications." (*Id.* ¶ 19.) Fairbanks informed RLDC staff that he needed timely treatment with an injected medication called Firazyr. (*Id.* ¶ 20.)

On May 28, a day after he entered RLDC, Fairbanks experienced "intense abdominal pain" and vomiting. (*Id.* ¶ 21.) RLDC staff permitted Johns to enter the facility and administer a dose of Firazyr to Fairbanks to relieve his abdominal pain. (*Id.*) While there, Johns informed RLDC staff that the Firazyr would not assist with Fairbanks's vomiting and that, if the vomiting continued, "immediate medical intervention at a hospital would be necessary." (*Id.*)

Despite Johns's instructions, the Complaint alleges that RLDC staff failed to monitor Fairbanks's symptoms. (*Id.*) By the following morning, May 29, Fairbanks's condition worsened—he was vomiting persistently. (*Id.* ¶ 22.) At 10:21 a.m. that day, RLDC staff contacted a nearby hospital to seek "advice for an inmate experiencing severe abdominal pain and vomiting." (*Id.*) The hospital recommended immediate medical attention, but approximately forty minutes passed before RLDC staff contacted Emergency Medical Services (EMS). (*Id.* ¶ 23.) By the time EMS arrived, Fairbanks was on the floor of his cell, "surrounded by vomit." (*Id.*)

EMS transported Fairbanks to the hospital, where he died at 12:02 p.m. (*Id.* ¶ 24.) Although an initial autopsy concluded that Fairbanks's cause of death was mixed drug toxicity, a medical expert later concluded that Fairbanks had minimal controlled substances

in his body, and that the cause of death was actually "volume loss from prolonged vomiting and diarrhea," which are symptoms of his angioedema. (*Id.* ¶ 25.)

On November 9, 2022, Johns was appointed as the trustee for the next of kin of Fairbanks by a Minnesota state district court. (Doc. No. 29-1 at 2.)

### B.     Post-Death Administrative Action

#### 1.     *Procedure for Presenting Claims to Federal Agencies*

The Federal Tort Claims Act (FTCA) provides that a plaintiff is barred from suing the United States for personal injury or wrongful death "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). A claimant properly "presents the claim" by providing the relevant U.S. agency with all of the following:

> [1] an executed Standard Form 95[1] or other written notification of an incident, . . . [2] a claim for money damages in a sum certain for . . . personal injury, or death alleged to have occurred by reason of the incident; and [3] the title or legal capacity of the person signing, and . . . [4] evidence of [that person's] authority to present a claim on behalf of the claimant

---

[1] The Standard Form 95 (SF-95), as its name suggests, is a standard form. The back of the SF-95 includes instructions to fill out the form. (*See, e.g.*, Doc. No. 29-2 at 5.) The Instruction section advises that "[a] claim presented by an agent or legal representative must be presented in the name of the claimant," and that it "must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative." (*Id.*) It further refers to the applicable regulations: "Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14." (*Id.*)

3

>as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a).[2]

A person bringing an FTCA claim on behalf of a decedent must provide evidence that would be sufficient under relevant state law to show the person has authority to act on behalf of the decedent. *Id.* at 803–04; *see also Rollo-Carlson v. U.S.*, 971 F.3d 768, 770 (8th Cir. 2020) ("The extent of the United States' liability under the FTCA is generally determined by reference to state law." (quotation omitted)). In Minnesota, only a court-appointed trustee may bring a wrongful death action. Minn. Stat. § 573.02; *Christiansen v. Univ. of Minn. Bd. of Regents*, 733 N.W.2d 156, 159 (Minn. App. 2007). The FTCA also requires that an attorney signing an SF-95 on behalf of a client provide proof of their authority to act on behalf of their client. *See Puetz v. U.S.*, No. 22-CV-02870 (SRN/DTS), 2023 WL 4186574, at *4–9 (D. Minn. June. 26, 2023).

    2. *Presentment of Johns's FTCA Claims*

In September 2023, Johns's attorney, Oliver Nelson, III, submitted an SF-95 to the Department of the Interior (DOI) on behalf of Johns (on behalf of Fairbanks). (Doc. No. 29-2.) Nelson signed the SF-95; Johns did not. (*See id.* at 4.) Additionally, on the SF-95, Nelson identified Johns as the claimant and that the basis of her FTCA claims was Fairbanks's May 2022 death while in custody at the RLDC. (*Id.*) The SF-95 was accompanied by a cover letter from Nelson, in which he identified himself as the attorney

---

[2] As discussed below, a plaintiff's strict compliance with this requirement is a jurisdictional precondition to filing an FTCA claim in federal court. *Mader v. U.S.*, 654 F.3d 794, 805 (8th Cir. 2011).

for "Nicole Johns, the mother of the late Joseph Fairbanks, Jr." (*Id.* at 2.) In addition to the cover letter and SF-95, Nelson enclosed sixty-two pages of supporting documents, including a letter that Nelson had previously sent to a third party, in which he wrote that "Ms. Johns has been appointed as trustee in a potential wrongful death case against the Red Lake Tribe." (*Id.* at 8.) Nelson did not enclose or otherwise provide a copy of the state court order appointing Johns as the trustee of Fairbanks, which Johns had obtained approximately ten months prior. (*See generally* Doc. No. 29-2.)

In March 2024, the DOI denied Johns's claim. (Doc. No. 29-3.) In the notice of claim denial, the DOI stated that it had "reviewed the above-referenced claim . . . submitted . . . on behalf of your client—the Estate of Joseph Fairbanks," and that, "[a]fter a complete review of the claim file, we cannot determine that the United States is liable under the FTCA or Minnesota law." (*Id.* at 2.) The letter advised that Johns could elect to seek reconsideration of the DOI's decision at the agency level or pursue a claim in federal district court. (*Id.*) Johns elected to pursue the second option—she filed suit.

**C.     This Action**

In May 2024, Johns filed this lawsuit. (Compl.) In her four-count Complaint, she alleges that the United States, two now-voluntarily dismissed federal agencies, and several federal employees[3] are liable for Fairbanks's otherwise preventable death while in custody

---

[3] The individual Defendants have not answered or otherwise appeared.

5

at RLDC.[4]  (*See id.*)  Then, several weeks after filing suit, Nelson sent a letter to the DOI.  (*See* Doc. No. 23-3.)  In it, Nelson wrote that he wished "to ensure that the documentation for our client's FTCA claim is complete and accurately reflects her legal capacity to act on behalf of the estate."  (*Id.* at 1.)  He enclosed the following two documents, which he asked DOI to "add[] to the claim file": (1) an Order from a Minnesota court that appointed Johns as Fairbanks's trustee; and (2) a copy of "the previously submitted Standard Form 95."  (*Id.*; *see also id.* at 3, 4–6.)  The DOI declined to add the new documents to the administrative claim file.  (Doc. No. 23 ¶ 10.)

## DISCUSSION

The United States now moves to dismiss the remaining claims against it—a negligence claim and a wrongful death claim under the FTCA[5]—for lack of subject-matter jurisdiction.  Specifically, the United States argues that Johns did not satisfy the FTCA's presentation requirements before filing suit, and, as a result, her claims are barred by the doctrine of sovereign immunity.  (Doc. No. 22.)  Because the requirements of 28 C.F.R. § 14.2(a) were not timely satisfied, the Court grants the motion.

This Court "must" dismiss claims over which it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A motion to dismiss under Federal Rule of Civil Procedure

---

[4] Since the time this lawsuit was filed, Johns voluntarily dismissed all of her claims against Defendants Bureau of Indian Affairs and the DOI.  (Doc. No. 20.)

[5] Before the United States filed this motion, Johns voluntarily dismissed two claims against the United States brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  (*See* Doc. No. 20.)

12(b)(1) may present either a factual or facial challenge to the jurisdictional grounds of a claim. *Osborn v. U.S.*, 918 F.2d 724, 729–30 (8th Cir. 1990) (describing distinction between factual and facial attacks to subject-matter jurisdiction). Because the instant motion is best characterized as a factual challenge (*see generally* Doc. Nos. 22, 23), the Court may consider factual matters outside of the pleadings, *Osborn*, 918 F.2d at 729, and the "nonmoving party [does] not enjoy the benefit of the allegations in its pleadings being accepted as true." *Branson Label, Inc. v. City of Bransen*, 793 F.3d 910, 915 (8th Cir. 2015). Johns, as the plaintiff, bears the burden of proving that the Court has subject-matter jurisdiction over her claims. *Two Eagle v. U.S.*, 57 F.4th 616, 620 (8th Cir. 2023).

Sovereign immunity bars claims against the United States unless Congress has waived the United States's immunity. *Hart v. U.S.*, 630 F.3d 1085, 1088 (8th Cir. 2011). As a result, absent a waiver, a federal court has no subject-matter jurisdiction over claims against the United States. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Congress waived the United States's sovereign immunity from certain tort claims by passing the FTCA. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008). One condition of that waiver is proper presentation of a tort claim to the relevant federal agency prior to filing the FTCA claim in federal court. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a). Proper presentation as a jurisdictional prerequisite to suit serves a "practical purpose": specifically, "it provides federal agencies a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit." *Mader*, 654 F.3d at 800–01, 808. The Eighth Circuit has admonished that it will neither extend nor narrow waivers to sovereign immunity provided by Congress. *Id.* at 800.

7

The United States raises two independent challenges to Johns's presentment of the claim to the DOI: (1) the presentment of the claim lacked evidence of Johns's authority to bring a claim on behalf of Fairbanks; and (2) the presentment lacked evidence of Nelson's authority to act on behalf of Johns. (Doc. No. 22 at 7–15.) The Court addresses each in turn, concluding that both deficiencies preclude exercise of this Court's jurisdiction.

## A. Johns's Authority to Act on Behalf of Fairbanks

The United States first argues that Johns's failure to provide evidence that she had authority to act on behalf of Fairbanks before the final agency decision means that she did not satisfy the presentation prerequisite to bringing her FTCA claims. (*Id.* at 9–12.) Because Johns did not strictly comply with the requirement that a claimant submit evidence of their authority to act on behalf of a decedent, binding Eighth Circuit precedent requires the Court to agree with the United States.

When a plaintiff brings tort claims under the FTCA on behalf of a decedent, they must timely provide evidence of their authority to act on behalf of the deceased. *Mader*, 654 F.3d at 803–04. This proof-of-authority requirement is "totally essential to meaningful agency consideration." *Id.* at 801. Under *Mader v. U.S.*, the Eighth Circuit has made clear that the plaintiff *must* have presented the relevant government agency with evidence that they are authorized to bring such a claim on behalf of the deceased claimant before the final agency decision or before filing suit and, if they do not, the United States will be immune from suit. *Accord* 654 F.3d at 807 ("[A] claim that fails to satisfy § 2675(a)'s requirements remains inchoate, unperfected, and not judicially actionable."); *Runs After v. U.S.*, 511 Fed. App'x 596 (Mem.) (8th Cir. 2013) (affirming dismissal of FTCA wrongful

death case where plaintiff did not include proof of authority to bring claim on behalf of deceased to agency before filing suit); *Rollo-Carlson v. U.S.*, No. 18-CV-2842 (ECT/ECW), 2019 WL 1243017, at *4 (D. Minn. Mar. 18, 2019) (concluding United States was immune from FTCA claim for wrongful death where plaintiff did not present authority to pursue claim until after filing suit in court).

Johns makes several arguments to the contrary. First, Johns argues that, in the administrative claim, the DOI was notified that she was Fairbanks's trustee; after all, Nelson identified himself as the attorney for "Nicole Johns, the mother of the late Joseph Fairbanks, Jr." (Doc. No. 29-2 at 2.) This argument is not persuasive. A person submitting an SF-95 is expressly required to provide "*evidence* of [their] authority to present a claim on behalf of [a deceased person]." 14 C.F.R. § 14.2(a) (emphasis added). A claimant's say-so is not "evidence" as contemplated by section 14.2(a). *E.g.*, *Rollo-Carlson*, 2019 WL 1243017, at *5 (rejecting plaintiff's argument that agency's actual notice of her status as next-of-kin to decedent from her other interactions with agency satisfied proof-of-authority requirement under FTCA); *Runs After v. U.S.*, No. 10-CV-3019-RAL, 2012 WL 2951556, at *6 (D.S.D. July 19, 2012) ("There is nothing in . . . *Mader* to suggest that an effort by an FTCA claimant that falls short of providing proof of representative authority . . . is sufficient to avoid dismissal."), *aff'd*, 511 Fed. App'x 596.

Johns also argues that, by the time she filed the SF-95 in September 2023, she had already been appointed as Fairbanks's wrongful-death trustee by a Minnesota state court, which was a matter of public record and that Nelson's cover letter adequately informed the DOI that Johns was the trustee for Fairbanks. However, Johns offers no authority to

9

support the implied proposition that the DOI had a duty to search public records to determine whether any public records can effectively satisfy the proof-of-authority requirement. Contrary to this proposition, the regulations expressly state that the materials required to properly "present" an administrative action must be "receive[d] *from* a claimant." 28 C.F.R. § 14.2(a) (emphasis added).

Johns next argues that she did indeed provide the DOI with evidence of her authority to bring a claim on behalf of Fairbanks by letter in June 2024 (after the DOI issued its final decision and after she had filed this action). The fact that Nelson eventually sent the DOI a copy of the Order appointing her as Fairbanks's wrongful-death trustee does not spare her claims. This is because 28 C.F.R. § 14.2 very clearly provides that, at the agency level, a claim "may be amended by the claimant at any time *prior to* final agency action or *prior to* the exercise of the claimant's option [to file suit] under 28 U.S.C. [§] 2675(a)." 28 C.F.R. § 14.2(c) (emphasis added); *see also McNeil v. U.S.*, 508 U.S. 106, 112 (1993) ("Congress intended to require complete exhaustion of Executive remedies *before* invocation of the judicial process."). The later-provided proof of legal authority therefore does not repair the proof-of-authority defect in Johns's presentation of the administrative claim. *Accord Spanier v. U.S. Fish & Wildlife Serv.*, No. 21-CV-1618 (WMW/LIB), 2022 WL 2275828, at *2 (D. Minn. June 23, 2022) (concluding sovereign immunity barred plaintiff's FTCA claim because, by presenting proof of legal authority to act on behalf of claimant to federal agency only after filing suit, plaintiff had not satisfied the FTCA's presentation requirement).

Finally, Johns argues that, if the DOI had believed that Nelson had provided insufficient information, it had a duty to request more information. (Doc. No. 28 at 9–11.) However, Johns cites no authority to support this proposition, which has been rejected both in this District and in other Courts in this Circuit. *See Puetz*, 2023 WL 4186574, at *7 (collecting cases). The DOI had no affirmative duty to ask Nelson to remedy defects it may or may not have noticed in the underlying administrative claim.

Pursuant to *Mader*, the proof-of-authority requirement applies strictly, barring relief. Johns's administrative claim did not include evidence of her authority to act on Fairbanks's behalf, and as a result, the Court lacks jurisdiction to hear Johns's claims.

### B. Attorney Nelson's Authority to Act on Behalf of Johns

The United States also argues that it is immune from Johns's tort claims because Johns did not sign the SF-95 *and* did not provide "the title or legal capacity of the person signing" (i.e., her attorney, Nelson), including "evidence of his authority to present a claim on behalf of the claimant." (Doc. No. 22 at 12–15 (citing 28 C.F.R. § 14.2(a)).) Again, the case law concerning jurisdiction under the FTCA compels dismissal.

Although *Mader* did not involve evidence of an attorney's authority to bring a claim before a federal agency on a client's behalf, the Eighth Circuit did not limit its holding to non-attorney personal representatives, and even explained the rationale for extending its holding to include attorneys. 654 F.3d at 803 (contemplating potential "representation problems" in FTCA administrative claims as including attorney-client representations: "in some cases up to four lawyers have attempted to present FTCA claims to federal agencies on behalf of the same claimants"). The Eighth Circuit's analysis focuses on settlement

11

authority to explain that section 14.2(a) requires presentation of evidence that the person filing a claim has the legal authority to act on behalf of the claimant: "agencies simply cannot meaningfully consider FTCA claims with an eye towards settlement if representatives fail to first present evidence of their authority to act on behalf of claims' beneficiaries."  *Id.*  In addition, the SF-95 form advises of this requirement in its Instructions section, as well:

> The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant.

(*See* Doc. 29-2 at 5.)  Finally, this Court has previously held that the proof-of-authority requirement in 28 C.F.R. § 14.2(a) also applies to attorneys who present claims on behalf of their clients.  *See Puetz*, 2023 WL 4186574, at *4–9 (concluding attorney signature on SF-95 is not evidence of authority to represent claimant).

Here, the SF-95 is signed only by Nelson—Johns does not dispute this.  Instead, Johns argues that Nelson's cover letter to the SF-95, in which Nelson advised that "[his] law firm represents Nicole Johns," satisfied the proof-of-authority requirement.  (Doc. No. 28 at 11–12.)  Johns asserts that this argument is consistent with the decision in *Puetz*.  The Court, however, does not agree with Johns's characterization of *Puetz*.  In that case, an attorney emailed the agency attaching his client's SF-95.  *Puetz*, 2023 WL 4186574, at *8.  The email included the attorney's "title and information about his firm."  *Id.*  The Court concluded this statement did not satisfy the proof-of-authority requirement because "it omits an authorization from [the plaintiff] to act on his behalf."  *Id.*  As in *Puetz*, and as

12

indicated by the Eighth Circuit's concerns in *Mader*, Nelson's mere self-identification as Johns's attorney is not itself evidence of authority to act on Johns's behalf and does not constitute sufficient proof to satisfy the presentment requirement. Because the claim was not properly presented to the DOI, this Court lacks subject-matter jurisdiction over Johns's tort claims.[6]

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant United States of America's motion to dismiss for lack of subject-matter jurisdiction (Doc. No. 21) is GRANTED;

2. Counts I and II of the Complaint against the United States of America are DISMISSED WITH PREJUDICE, but without regard to the merits of the underlying claim; and

---

[6] The Court acknowledges that the dismissal of Johns's claims against the United States due to attorney error is a harsh result. *See Puetz*, 2023 WL 4186574, at *9 (recognizing that applying the evidence of authority requirement has "unfortunate and harsh results" but observing that "the Eighth Circuit has time and again emphasized that the FTCA presentment conditions are construed narrowly and can only be satisfied with strict compliance" (quotation omitted)); *see also E.M. v. United States*, No. 2:19-CV-4221-MDH, 2020 WL 6947681, at *3 (W.D. Mo. Nov. 25, 2020) (acknowledging that dismissal of FTCA claims for non-compliance with presentment requirement was "harsh and unfortunate given the facts of this case"); *Runs After*, 2012 WL 2951556, at *8 (acknowledging that dismissal of FTCA claim for defects in presentment-of-authority requirement to be "harsh" but required by Eighth Circuit precedent). The Court cannot ignore binding precedent to reach a different result.

3. Defendant United States of America is DISMISSED from this action.

Dated: March 5, 2025                                    /s/ Jeffrey M. Bryan
                                                        Judge Jeffrey M. Bryan
                                                        United States District Court